# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN DePAUL,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., ABC CORPORATION 1-10 and/or JOHN DOE 1- 10,<br><br>Defendants. | CIVIL ACTION NO.:_____ |

## COMPLAINT & JURY DEMAND

Plaintiff Steven DePaul, residing at 18 Gregory Terrace, Belleville, New Jersey, by way of Complaint against the Defendants, alleges and says:

### JURISDICTION

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §1332, as both Plaintiff and Defendants are citizens of different States and the matter in controversy exceeds $75,000.00.

2. Venue is conferred upon the United States District Court for the District of New Jersey by 28 U.S.C. §139l(b)(2), as a substantial part of the events giving rise to the subject claims occurred in the District of New Jersey.

**PARTIES**

3. Plaintiff is a citizen of the State of New Jersey.

4. Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in the State of Washington.

5. Defendant Amazon.com, Inc. conducts a substantial amount of business in New Jersey, including operating a number of its fulfilment centers/warehouses in this State.

6. Defendants ABC Corporation 1-10 and John Does 1-10 are entities or individuals whose identities are currently unknown, engaged in the business of manufacturing, selling, distributing, and marketing of consumer products.

**BACKGROUND**

7. Plaintiff sustained serious and permanent injuries while utilizing a Pongsona Adjustable Weight Bench purchased from Amazon.com.

8. This product was purchased by Plaintiff's fiancé on November 22, 2021 from the Amazon.com website and it was shipped to Plaintiff's home in Belleville, New Jersey.

9. Despite due diligence, Plaintiff has not been unable to locate any agents, facility, or other presence within the United States of the manufacturer of the adjustable weight bench; the name "Pongsona" in association with fitness

equipment has been effectively scrubbed from the internet or any other source of publicly available information.

10. On December 4, 2021, the Pongsona adjustable bench suddenly collapsed during its very first use, causing a dumbbell in Plaintiff's grasp to suddenly bend his right (dominant) hand backward, causing a severe fracture and other serious injuries.

11. At all times, Plaintiff was using the adjustable bench as it was intended by Defendants.

12. Plaintiff is permanently disabled and his injuries have had a devastating impact upon his life.

## COUNT I
### (Product Liability Pursuant to N.J.S.A. § 2A:58C-1 et seq.)

13. Plaintiff repeats paragraphs 1-12 by reference.

14. Defendants were, at all times relevant, involved in the manufacture, distribution, marketing, sale and/or placing into the stream of commerce the subject adjustable bench, and did manufacture, distribute, market, sell and/or place into the stream of commerce the subject adjustable bench.

15. At all times relevant, the adjustable bench was defective as to design and manufacture at the time it left Defendants' facilities.

16. The defects present at the time the adjustable bench was sold, distributed, or placed into the stream of commerce include, but are not limited to:

3

a. The adjustable bench presented an unreasonably dangerous risk that it would suddenly collapse while in use;

b. The materials and the design of the adjustable bench were insufficient or inadequate to prevent it from suddenly collapsing while in use;

c. Defendants failed to ensure the presence of adequate safety features to prevent the adjustable bench from suddenly collapsing;

d. Defendants failed to ensure the presence of features which might prevent the adjustable bench from suddenly collapsing;

e. The subject adjustable bench was not reasonably fit, suitable or safe for its intended and foreseeable purpose;

f. The materials and design of the adjustable bench created an unreasonably dangerous risk of injury; and

g. Failure to incorporate or contain adequate warnings or instructions.

17. At the time of time of its collapse, the adjustable bench was in substantially the same condition as it was the time it was distributed, marketed, and/or sold by Defendants.

18. The subject adjustable bench was not reasonably fit, suitable or safe for its intended purpose, for the reasons set forth above.

19. By distributing, selling, and/or placing into the stream of commerce the subject adjustable bench in a defective condition, Defendants are strictly liable for the damages sustained by Plaintiff.

20. Plaintiff's injuries are due to and proximately caused by the aforementioned defective and not reasonably safe conditions.

**WHEREFORE**, Plaintiff demands judgment against the Defendants individually, jointly and severally for compensatory and consequential damages, together with interest, attorneys' fees and costs of suit, and such other relief as is deemed just and proper.

## COUNT II
### (Breach of Warranty)

21. Plaintiff repeats paragraphs 1-18 by reference.

22. At all times relevant to this Complaint, Defendants were involved in the manufacture, distribution, marketing, sale and/or placing into the stream of commerce, adjustable benches such as the one subject to this action, and did distribute, market, sell and/or place into the stream of commerce the subject adjustable bench at issue in this case.

23. Defendants expressly and/or impliedly warranted that the subject adjustable bench was of merchantable quality and was safe and fit for the purpose

intended when used under ordinary conditions and in an ordinary or foreseeable manner.

24. The injuries sustained by Plaintiff were caused by Defendants' breach of such express and/or implied warranties.

25. As a direct and proximate result of the breach of these express and/or implied warranties, the subject incident occurred, causing Plaintiff's damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendants individually, jointly and severally for compensatory and consequential damages, together with interest, attorneys' fees and costs of suit, and such other relief as is deemed just and proper.

### JURY DEMAND

Plaintiff hereby demands a jury for all such issues which are triable.

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Rule 11.2, the undersigned hereby certifies that to my knowledge the incident at issue in this litigation is not the subject of any other pending civil action or arbitration.

> _/s Harry D. McEnroe_
> Harry D. McEnroe
> Jared P. DuVoisin
> **TOMPKINS, McGUIRE,**
> **        WACHENELD & BARRY, LLP**
> 3 Becker Farm Road
> 4th Floor
> Roseland, New Jersey 07068
> (973) 622-3000
> hmcenroe@tompkinsmcuire.com
> jduvoisin@tompkinsmcuigre.com

DATED:     November 30, 2023